INTERSTATE FINANCE CO. v. HOSCH.

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1914.)

CORPORATIONS (§ 428*)—NOTICE—EQUITABLE DEFENSE—BILLS AND NOTES.

In an action on accepted drafts, the fact that two persons were interested in both the drawer corporation and the plaintiff corporation, one as an incorporator in both and the other as an incorporator in one and a director in the other, did not charge plaintiff with knowledge of defendant's equitable defense, where not only was it not shown that either of such persons had any knowledge or notice of the facts constituting such defense, but it was not shown that either had any authority to represent either corporation in the matter involved.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1748–1761; Dec. Dig. § 428.*]

Appeal from Coleman County Court; T. J. White, Special Judge.

Action by the Interstate Finance Company against W. J. Hosch. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

---

Critz & Woodward, of Coleman, for appellant. C. R. Sutton, of Marfa, for appellee.

KEY, C. J. Appellant brought this suit against appellee, seeking to recover upon four accepted drafts. Defendant's answer included a general demurrer, general denial, and special plea alleging that the drafts referred to were given as a consideration for certain merchandise, and that a fraud had been perpetrated upon him in reference thereto, and that therefore he was released from liability upon the drafts. The pleadings raised the issue as to whether or not the plaintiff was a bona fide holder for value and without notice and entitled to protection as such.

There is no statement of facts, and the case is submitted in this court upon the trial judge's findings of fact, which findings show that appellant was a bona fide holder of the drafts referred to and entitled to enforce their payment unless the following facts charged it with notice of the equitable defense relied on by appellee, and sustained by the trial court, viz.: (1) The drafts sued on were drawn by the Commercial Jewelry Company, and were accepted by appellee; (2) in due course of trade and for a valuable consideration, they were transferred and assigned to appellant before maturity; (3) at the time of such transfer, none of the officers, agents, or employés of appellant had any knowledge of any of the facts constituting appellee's equities; (4) both appellant, Interstate Finance Company, and the Commercial Jewelry Company are private corporations, and A. J. Parker was at the time referred to an incorporator in both corporations, and S. I. Redfield was an incorporator in the Finance Company and a director in the Commercial Jewelry Company; (5) it was not shown that either Redfield or Parker had any knowledge or notice of the equities relied on by appellee at the time of the transaction referred to or at any other time.

The trial court held that on account of Parker and Redfield's relation to and connection with the two corporations, appellant, who purchased the drafts from the other corporations, was charged as matter of law with notice of appellee's equitable defense. That ruling is assigned as error, and we sustain the assignment. A private corporation is a legal entity, separate and distinct from its incorporators, officers, and directors. The affairs of such corporations are controlled and conducted by, and they act through, their boards of directors, or other governing body, or certain designated officers or designated agents, employed by such governing bodies or officers. Therefore to charge a corporation with notice it must be made to appear that some one having authority to act for the corporation in the matter referred to, had knowledge of the facts relied on to constitute notice. This case falls short of meeting that requirement, because (1) it was not shown that either Parker or Redfield had any authority to represent either corporation in reference to the matter here involved; and (2) it was not shown that either of them had any knowledge or notice concerning the facts relied on as constituting appellee's equitable defense. In fact, if they had such knowledge, there are authorities which hold that the defense relied on would not be available. Judge Thompson, in section 5214 (vol. 4) of his treatise on Corporations, says: "Where a person is a director in two corporations, which have dealings with each other, his knowledge of the affairs of one of the corporations is not imputable to the other for the reason that it will not be his duty to disclose to the board of directors of one corporation the affairs of the other, but the contrary. Thus, two companies had in common two directors and a solicitor. One company, in order to buy up its own shares, borrowed money of the other through the agency of one of these directors and the solicitor; but the company lending the money was nevertheless unaffected with notice of the unlawful use to which the loan was to be applied." And in 10 Cyc. p. 1065, it is said: "We have seen that one who is a director in two corporations will not be permitted to represent both of them in transactions in which their interests are conflicting. Where a common director of two corporations is thus improperly acting, a notice to him of the affairs of one of the corporations will not be imputable to the other, for the reason that it will not be his duty to disclose it, but the contrary."

But, as said before, in the case at bar it was not shown that either Parker or Redfield acted in this transaction for either corporation or had any authority so to do.

The judgment of the trial court is reversed, and judgment here rendered for appellant for the amount sued for.

Reversed and rendered.